# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-1745

| | |
|---|---|
| **HDI GLOBAL SPECIALTY SE** | ) |
| | ) |
| | ) |
|  **Plaintiff,** | ) |
| | ) |
|  **vs.** | ) |
| | ) |
| | ) |
| **UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, ROBERT GRISWOLD, AND PARKER EGBERT** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

_____

### HDI GLOBAL SPECIALTY SE'S COMPLAINT FOR DECLARATORY & MONEY JUDGMENT
_____

HDI Global Specialty SE ("HGS"), for its Complaint for Declaratory & Money Judgment, alleges on knowledge, information, and belief as follows:

**NATURE OF THE ACTION**

1

1. HGS files this Complaint to obtain a judicial determination and declaration pursuant to 28 U.S.C. §§ 2201-2201 and Rule 57 of the Federal Rules of Civil Procedure as to the parties' rights and obligations under Commercial General Liability Coverage Policy No. HDGL003700457 issued by HGS to the United States Olympic and Paralympic Committee ("USOPC") for the policy period of May 1, 2021 to May 1, 2022 (the "Policy"). A true and correct copy of the Policy (without the application and with the premium amount redacted) is attached as Exhibit 1.

2. In particular, HGS seeks a judicial determination that it has no duty to defend or indemnify USOPC under the Policy for the lawsuit captioned, *Parker Egbert v. Robert Griswold, et al.*, No. 1:22-cv-02943 (D. Colo.) (the "Litigation") and that HGS may withdraw from the defense of HGS in the Litigation because it has no duty to defend. In addition, HGS seeks a money judgment to recoup defense costs paid by HGS to defend USOPC in the Litigation because HGS reserved its right to recoupment and no coverage is available under the Policy for the Litigation.

3. A real, immediate, and justiciable controversy exists between the parties relating to their respective rights, duties, and obligations under the Policy and will continue to exist until such time as it is resolved by this Court.

**PARTIES**

4. Plaintiff HGS is an insurance company authorized to issue insurance

policies and issued the Policy to USOPC in Colorado. HGS is incorporated in Germany and has its principal place of business in Germany.

5. Defendant USOPC is a federally chartered non-profit corporation with its principal place of business in Colorado and a named defendant in the Litigation. USOPC is the Named Insured under the Policy.

6. Defendant Parker Egbert is the plaintiff in the Litigation and is named as a defendant in this action to the extent that he claims any rights under the Policy. HGS is willing to dismiss Egbert as a defendant in this action to the extent that he is willing to be bound by its outcome.

7. Robert Griswold is a defendant in the Litigation and is a citizen of New Jersey. Griswold is named as a defendant in the Litigation to the extent that Griswold claims any rights under the Policy. HGS is willing to dismiss Griswold as a defendant in this action to the extent that he disclaims any interest in the Policy and is willing to be bound by the action's outcome.

**JURISDICTION AND VENUE**

8. This lawsuit is an action for declaratory judgment under 28 U.S.C. §§ 2201-2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question of actual controversy between the parties as described more fully below.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs. HGS has paid more than $75,000 to defend USOPC in the Litigation and seeks reimbursement of that amount in this action.

10. This action currently is ripe for adjudication.

11. Venue is proper in this Court because the Litigation is pending in this Court, and the Policy was issued to USOPC in Colorado.

## FACTUAL ALLEGATIONS

### A.   The Policy

12. HGS issued Commercial General Liability Policy No. HDGL003700457 issued to USOPC for the policy period of May 1, 2021 to May 1, 2022. The Policy has a $1 million each "occurrence" limit and a $2 million aggregate limit of liability, subject a $50,000 bodily injury/ property damage per occurrence limit.

13. Insuring Agreement A of the Policy provides

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"
> to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may,

4

at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Policy, Section I.1a.

14. "The word 'insured' means any person or organization qualifying as such under Section II – Who Is An Insured." Policy, Section II. USOPC is an "insured" because it is the Named Insured designated on the Policy's Declarations.

15. The Limited Sexual Abuse Coverage Endorsement adds Coverage F – Sexual Abuse. The insuring agreement of Coverage F provides, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' arising out of your negligence in hiring, training, supervising, or retaining an 'employee' who takes part in inflicting

sexual abuse upon another person during the policy period."

16. The Limited Sexual Abuse Coverage Endorsement has a $1 million Sexual Abuse Each Incident Limit, which is the most that HGS will pay for the sum of all damages and "defense expenses" arising out of any one incident of sexual abuse. Multiple incidents of sexual abuse by one person taking place over multiple policy periods for which limited sexual abuse coverage is provided by HGS shall be deemed to occur at the time of the first such incident and shall be subject to the coverage and limits in effect, if any, at that time.

17. The Policy includes an Absolute Abuse or Molestation Exclusion. The

exclusion provides:

> The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part to:
>
> 1. the actual, alleged, or threatened abuse or molestation of anyone or any person;
>
> 2. the negligent:
>    a. employment;
>    b. investigation;
>    c. supervision; or
>    d. retention;
>
> of a person who actually or allegedly abused or molested, or actually or allegedly threatened to abuse or molest, any other person;
>
> 3. reporting or failing to report:
>    a. any abuse or molestation;
>    b. any suspected, alleged, or threatened abuse or molestation;
>    c. any person who abused or molested, or threatened to abuse or molest, any other person; or
>    d. any person who was abused or molested.
>
> 4. breach of any legal obligation arising out of any actual or alleged abuse or molestation, or suspected, alleged, or threatened molestation, or breach of any duty to any person who was actually or allegedly abused or molested.

Policy, Absolute Abuse or Molestation Exclusion.

18. "Bodily injury" means "bodily injury, sickness or disease sustained by

a person, including death resulting from any of these at any time." Policy, Section V.3.

### B.    The Litigation

19.    On November 11, 2022, Parker Egbert filed the original complaint in the Litigation and named as defendants USOPC, Robert Griswold, and U.S. Center for Safesport. A true and correct copy of the original complaint is attached as Exhibit 2.

20.    On March 24, 2023, Parker Egbert filed the first amended complaint ("FAC") in the Litigation and named as defendants USOPC and Robert Griswold. The FAC is the operative pleading in the Litigation. A true and correct copy of the FAC is attached as Exhibit 3.

21.    The first paragraph of the FAC alleges, "This case is a horrific tragedy, where a young man who defied all odds to become a world-class Paralympic swimmer had his life utterly shattered by rape and abuse when he was paired with a team member who was a violent sexual predator."

22.    The FAC details how Griswold sexually assaulted and harassed Egbert and how USOPC allegedly failed to supervise Griswold or warn Egbert's parents about Griswold:

- Griswold began his sexual assaults on Griswold during the 2020

Paralympic Games. FAC, ¶ 10.

- USOPC allowed Griswold to supervise and share a bedroom with Egbert without oversight, even though USOPC received reports that Griswold was sexually abusing other teammates. FAC, ¶ 12.

- Griswold "forcibly sodomized Plaintiff [Egbert] against his will." FAC, ¶ 13.

- USOPC failed to inform Egbert's parents of the risks of continuing proximity to Griswold, "a known (or at the very least, suspected) sexual predator)." FAC, ¶ 15.

- Between June 2021 and August 2022, "Griswold repeatedly subjected Plaintiff [Egbert] to violent abuse and rape." FAC, ¶ 21.

23. Based on this conduct, Egbert alleges that the Litigation "is a civil action for monetary and injunctive relief for injuries sustained by Plaintiff [Egbert] as a result of the acts and omissions of Defendant Griswold [and] USOPC . . . stemming from the prolonged and malicious physical, verbal, and sexual abuse perpetrated by Griswold, and USOPC's failure to warn, supervise, and or protect Plaintiff [Egbert]." FAC, ¶ 22.

**C.    Request for Coverage for the Litigation**

24. USOPC sought coverage under the Policy for the Litigation.

25. On November 30, 2022, HGS agreed to defend USOPC in the Litigation subject to a reservation of rights, including the right to withdraw from the defense and recoup defense costs for the Litigation if the Absolute Abuse and Molestation Exclusion bars coverage for the Litigation. A true and correct copy of HGS's reservation of rights letter for the Litigation is attached as Exhibit 4.

26. On January 5, 2024, HGS issued a supplemental reservation of rights for the Litigation based on receipt of additional information, and HGS continued to reserve its rights, including the right to withdraw from the defense and recoup defense costs for the Litigation if the Absolute Abuse and Molestation Exclusion bar coverage for the Litigation. A true and correct copy of HGS's supplemental reservation of rights letter for the Litigation is attached as Exhibit 5.

27. On June 10, 2024, counsel for USOPC sent a letter to counsel for HGS arguing, for the first time, that coverage is available under the Policy for USOPC under the Policy's Limited Sexual Abuse Coverage – Coverage F.

**COUNT I**

**For a Declaration That There Is No Coverage Under the Policy for the Litigation based on the Absolute Abuse or Molestation Exclusion**

28. HGS realleges and incorporates by reference the foregoing allegations in this Complaint.

29. The Absolute Abuse or Molestation Exclusion bars coverage for bodily injury", "property damage" or "personal and advertising injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part (i) the actual or alleged abuse or molestation of anyone or any person; (ii) negligent supervision or investigation of a person who actually or allegedly abused or molested any other person; (iii) reporting or failing to report any abuse or molestation; or (iv) breach of any legal obligation arising out of any actual or alleged abuse or molestation, or suspected, alleged, or threatened molestation, or breach of any duty to any person who was actually or allegedly abused or molested.

30. The Absolute Abuse or Molestation Exclusion precludes coverage for the Litigation because it alleges "bodily injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part the actual or alleged abuse or molestation of anyone or any person.

31. The Absolute Abuse or Molestation Exclusion precludes coverage for the Litigation because it alleges "bodily injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part negligent supervision or investigation of a person

who actually or allegedly abused or molested any other person.

33. The Absolute Abuse or Molestation Exclusion precludes coverage for the Litigation because it alleges "bodily injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part reporting or failing to report any abuse or molestation.

33. The Absolute Abuse or Molestation Exclusion precludes coverage for the Litigation because it alleges "bodily injury" based upon, arising out of, caused by, connected to, related to, or in any way involving, actually or allegedly, directly or indirectly in whole or in part breach of any legal obligation arising out of any actual or alleged abuse or molestation, or suspected, alleged, or threatened molestation, or breach of any duty to any person who was actually or allegedly abused or molested.

34. Therefore, HGS is entitled to a declaration that it has no duty to defend or indemnify USOPC in the Litigation because the Absolute Abuse or Molestation Exclusion bars coverage and that it is entitled to withdraw from the defense of USOPC in the Litigation.

**COUNT II**

**For a Declaration That There Is No Coverage Under the Policy for the Litigation Because It Does Not Trigger the Limited Sexual Abuse Coverage Endorsement's**

**Insuring Agreement**

35. HGS realleges and incorporates by reference the foregoing allegations in this Complaint.

36. The Limited Sexual Abuse Coverage Endorsement, Coverage F – Sexual Abuse provides, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' arising out of your negligence in hiring, training, supervising, or retaining an 'employee' who takes part in inflicting sexual abuse upon another person during the policy period."

37. The Litigation does not allege "bodily injury" arising out of USOPC's negligence in hiring, training, supervising, or retaining an "employee" who takes part in inflicting sexual abuse upon another person during the policy period because Griswold is not an "employee" and the Litigation does not allege that an "employee" took part in inflicting sexual abuse upon Egbert.

38. Therefore, HGS is entitled to a declaration that it has no duty to defend or indemnify USOPC in the Litigation because the Litigation does not trigger the Limited Sexual Abuse Coverage Endorsement.

39. In the alternative, even if the Limited Sexual Abuse Coverage Endorsement, Coverage F is implicated, the Sexual Abuse Each Incident Limit is $1 million and is eroded by Defense Expenses, which to date total over $600,000 for

the Litigation.  Thus, less than $400,000 is available under the Policy for continued defense and settlement of the Litigation, even if the Limited Sexual Abuse Coverage Endorsement, Coverage F is implicated.

**COUNT III**

**For Declaratory Relief and Money Judgment for Reimbursement of Amounts Paid to Defend USOPC in the Litigation**

40. HGS realleges and incorporates by reference the foregoing allegations in this Complaint.

41. HGS agreed to pay defense fees and costs incurred by USPOC in the Litigation, subject to a reservation of the right to seek repayment.

42. Amounts paid by HGS in connection with the Litigation constitute unjust enrichment to which USOPC is not entitled.

43. Because the Policy does not afford coverage for the Litigation, and under applicable law, HGS is entitled to recoup amounts it has paid or pays hereafter under the Policy in connection with the Litigation.

44. Accordingly, HGS requests a declaration that USOPC is obligated to reimburse HGS for amounts it has paid on behalf of USOPC in connection with the Litigation and a money judgment against USOPC in that amount.

**WHEREFORE**, HGS respectfully requests the Court:

(A) Declare and enter judgment that HGS has no duty to defend or

indemnify the Insureds in the Litigation because the Absolute Abuse or Molestation Exclusion bars coverage for the Litigation, the Litigation does not implicate the Limited Sexual Abuse Coverage – Coverage F, and that HGS may withdraw its defense of USOPC in the Litigation;

(B) Declare that USOPC is required to reimburse HGS for amounts that HGS paid to defend USOPC in the Litigation and award HGS a money judgment against USOPC for all amounts paid by HGS to defend USOPC in the Litigation.

(C) In the alternative, if the Limited Sexual Abuse Coverage Endorsement, Coverage F is implicated by the Litigation, the Sexual Abuse Each Incident Limit is $1 million and is eroded by Defense Expenses paid by HGS for the Litigation.

## Demand for Jury

Plaintiff HDI Global Specialty SE demands a jury for all issues so triable.

## Reservation

Other terms, conditions and limitations of the Policy may operate to bar or limit coverage for some or all of the amounts for which Defendants seek coverage. HGS reserves the right to raise affirmatively other terms, conditions and limitations as defenses to coverage as appropriate, including the right to amend the Complaint.

Dated:    June 21, 2024

/s/ *Todd Jaworsky*
Todd Jaworsky
CO Bar No. #34324
Wilson Elser Moskowitz Edelman & Dicker, LLP

1225 17th Street, Suite 1700
Denver, Colorado 80202
T: 303.572.5300
F: 303.572.5301
todd.jaworsky@wilsonelser.com

Leland H. Jones IV (motion for admission to be submitted)
LAVIN RINDNER DUFFIELD LLC
1717 K Street, NW
Washington, DC 20006
T: 202.759.1138
ljones@lrd.law


Attorneys for Plaintiff HDI Global Specialty SE