IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01745-SKC-MDB

HDI GLOBAL SPECIALTY SE,

      Plaintiff(s),

v.

UNITED STATES OLYMPIC & PARALYMPIC
COMMITTEE, ROBERT GRISWOLD,
AND PARKER EGBERT,

      Defendant(s).

---

RESPONSE TO COURT'S JUNE 24, 2024 ORDER (DOC. NO. 7) RE CITIZENSHIP
OF PLAINTIFF HDI GLOBAL SPECIALTY SE

---

On June 21, 2024, HDI Global Specialty SE ("HGS") filed its Complaint for Declaratory and Money Judgment.  *See* Doc. No. 1.  In Paragraph 9 of its complaint, HGS alleges, "This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs."  As for HGS's citizenship, HGS alleges that it is incorporated in Germany and has its principal place of business in Germany.  *See* Doc. No. 1, ¶ 4.

On June 24, 2024, the Court entered the following minute order (Doc. No. 7)

> **The [1] Complaint asserts this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. 1332. Plaintiff HDI Global Specialty SE, however, is a German-based "SE" entity. Because the Court is duty-bound to police its own jurisdiction, it must be satisfied that complete diversity exists.**

1

> **Some sources suggest to the Court that the SE entity is a form of European limited liability company (at least in nomenclature). It is unclear to the Court at this time whether it should evaluate the citizenship of an SE entity through the paradigm of a corporation, a limited liability company, or some other entity.**
>
> **The Court therefore ORDERS Plaintiff to file on or before 7/8/2024 a brief (no more than 5 pages) explaining what an SE entity is, and how the Court should evaluate Plaintiff's citizenship. If Plaintiff argues the Court should evaluate Plaintiff's citizenship based upon it being more like an LLC or some non-corporate entity, then Plaintiff shall further provide the Court with sufficient information to evaluate Plaintiff's citizenship.** ***See, e.g., Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)** **("[T]his court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). No response brief shall be permitted without permission of the Court, but Plaintiff(s) may request such permission within 7 days of Plaintiff's filing its brief.**

**A societas europaea (SE) is equivalent to a U.S. corporation for purposes of diversity citizenship**

In 2021, the United States District Court for the District of Maryland considered how to determine the citizenship of an SE. *See SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Ins. Ltd.*, No. GJH-19-1510, 2021 WL 2550505, at *8 (D. Md. June 21, 2021). In doing so, the Court recognized, "The parties have not cited, and the Court is not aware of, any case law indicating whether a societas europaea is equivalent to a U.S. corporation for the purposes of diversity jurisdiction." *Id.* Despite the lack of case law, the court determined that an SE "should be treated like a corporation for purposes of diversity jurisdiction" under either of the two competing approaches adopted by various U.S. circuit courts for determining whether foreign entities should be treated as corporations. First, the Maryland Court held, "The Fifth and Ninth Circuits have adopted a 'juridical-person approach,' guided

2

by *Russell*, which considers a foreign business entity to be a citizen for diversity purposes 'so long as the entity is considered a juridical person under the law that created it.'" *Id.* at *5 (internal citations omitted).  Second, the Maryland Court opined, "The Seventh and Eighth Circuits have instead adopted a 'comparison approach,' which requires comparing the foreign entity to certain paradigm characteristics of an American corporation." *Id.*

The Maryland court held that an SE is a corporation under either approach.  Under the juridical approach, it held that a U.S. corporation is a "plausible analogue" to an SE:

> A societas europaea has transferable shares, limited liability, and a legal personality independent from its shareholders. *See* EU Council Regulation No. 2157/2001, Preamble ¶ 13 ("The SE itself must take the form of a company with share capital[.]"); *id.* art. 1 ¶ 2 ("The capital of an SE shall be divided into shares. No shareholder shall be liable for more than the amount he has subscribed"); *id.* art. 1 ¶ 3 ("An SE shall have legal personality."). Moreover, the statute creating societas europaea imposes other requirements that are characteristic of U.S. corporations—*i.e.*, registration requirements, *id.* art. 12–16; reporting requirements; *id.* art. 61–62; requirements for shareholder meetings and shareholder voting, *id.* art. 38, 52–60, and requirements for management and oversight, *id.* art. 38–45.

*Id.*

Under the comparison approach, as SE is equivalent to a corporation because it bears the relevant characteristics of a U.S. corporation, which are that it "[has] perpetual existence, [is] governed by a Board of Directors, [is] able to issue tradable shares ..., and [is] treated as independent of its equity investors—who are neither taxable on its profits nor liable for its debts." *Id.* at *9.

In 2023, the United States District Court for the Northern District of Illinois noted that it "knows of only one case directly deciding whether a *societas europaea* is a corporation for diversity purposes [*SNC-Lavalin*]" and "saw no reason to land somewhere else."  *See*

3

*SYNY Logistics, Inc. v. Great Lakes Ins. SE,* No. 22-CV-764, 2023 WL 6388233, at *4 (N.D. Ill. Sept. 30, 2023). After recounting the characteristics of an SE under the laws and regulations of the European Union, it noted the SE's characteristics "are American corporation hallmarks . . . So a *societas euopeaea* is a corporation for diversity purposes." *Id.*

Under the analysis of these courts, HGS, a *societas europaea* organized under the laws of the European Union, should be considered a corporation. HGS has its registered office and its principal place of business in Hannover, Germany. So, HGS should be considered a citizen of Germany, a "foreign state," for purposes of diversity citizenship.

No portion of the filing was drafted by artificial intelligence.

July 3, 2024

/s/ Leland H. Jones IV
Leland H. Jones IV
LAVIN RINDNER DUFFIELD LLC
1717 K Street, NW
Washington, DC 20006
T: 202.759.1138
ljones@lrd.law


Todd Jaworsky
CO Bar No. #34324
WILSON ELSER
1225 17th Street, Suite 1700
Denver, Colorado 80202
T: 303.572.5300
todd.jaworsky@wilsonelser.com


*Attorneys for Plaintiff HDI Global Specialty SE*

## CERTIFICATE OF SERVICE

I hereby certify that I will e-mail the foregoing document or paper to known counsel for Defendants, who have not yet entered an appearance in this action.

*/s/ Leland H. Jones IV*