IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:24-cv-01745-SKC-MDB

HDI GLOBAL SPECIALTY SE,

     Plaintiff,

v.

UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE, *et al.*,

     Defendants.

---

**ORDER RE: MOTION TO DISMISS (DKT. 24) AND
MOTION FOR SUMMARY JUDGMENT (DKT. 57)**

---

This case is about whether Plaintiff HDI Global Specialty SE (HDI), as the insurer, is obligated under its insurance contract to defend its insured, Defendant United States Olympic & Paralympic Committee (USOPC), in a separate lawsuit filed in this District – *Egbert v. Griswold, et al.,* No. 1:22-cv-02943-SKC-CYC (hereinafter *Egbert*). HDI has so far only covered defense costs to USOPC in *Egbert*.

In this case, HDI sued USOPC seeking a determination that HDI has no obligation under the insurance contract to defend USOPC in *Egbert*. Dkt. 1, pp.13-14. HDI also sued Parker Egbert and Robert Griswold (both parties in *Egbert*) to the extent either claims any rights under the insurance policy between HDI and USOPC. *Id.* at ¶¶6-7.

USOPC filed a Motion to Dismiss (MTD) (Dkt. 24), to which HDI filed a response (Dkt. 38) and USOPC filed a reply (Dkt. 45). No other Defendant filed a response. The MTD argues numerous grounds for dismissal but is curiously silent on any Fed. R. Civ. P. 12(b)(1) argument that the Court lacks subject matter jurisdiction. *See generally* Dkt. 24.

HDI filed an early Motion for Summary Judgment (MSJ) arguing the Court should find HDI "has no duty to defend or indemnify USOPC in [*Egbert*]," and require USOPC to reimburse HDI for the amounts HDI has incurred defending USOPC in *Egbert*. Dkt. 57, p.18. USOPC filed its response (Dkt. 59), and HDI filed its reply (Dkt. 61), albeit late. The Court struck HDI's reply because HDI failed to file a motion for an extension of time before its reply deadline passed. Dkt. 64. In addition, Egbert filed a response (Dkt. 58) stating he does not oppose HDI's sought relief provided the Court's ruling is limited to this case with no effect on *Egbert*. Dkt. 58, p.2.

The Court has reviewed all the briefing, the docket, and the relevant law. No hearing is necessary. HDI alleges the Court has jurisdiction under 28 U.S.C. § 1332. For the first time in this case or *Egbert*, USOPC argues there is no subject matter jurisdiction.[1] Dkt. 59, pp.6-7. As explained below, the Court finds it does not have

---

[1] In the parties' Proposed Scheduling Order, USOPC alluded to the possibility this Court lacks subject matter jurisdiction but didn't push the issue until now. Dkt. 22, pp.3-7 ("While the USOPC has not filed a Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, there is serious doubt that subject matter jurisdiction exists for this case, as discussed next.").

subject matter jurisdiction. Thus, it denies HDI's MSJ, denies as moot USOPC's MTD, and dismisses this case, without prejudice.

## A. LEGAL PRINCIPLES

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). The determination of a court's subject matter jurisdiction is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## B. FACTUAL BACKGROUND

The parties are well-familiar with the events leading to *Egbert* and this lawsuit. The Court refrains from reciting any of the underlying events because the only relevant and material fact now is that USOPC is a federally chartered corporation under 36 U.S.C. § 220502(a).

## C. ANALYSIS

In USOPC's response to the MSJ, it argues this Court lacks subject matter

3

jurisdiction over this dispute because USOPC is a federally chartered corporation, and therefore, it has no state citizenship for purposes of diversity jurisdiction. Dkt. 59, pp.6-7. HDI counters in its reply[2] that the Court should adopt the Fourth Circuit's reasoning in *Navy Federal Credit Union v. LTD Financial Services, LP*, 972 F.3d 344 (4th Cir. 2020), to find USOPC has Colorado citizenship because its principal place of business is in this state. Dkt. 61, pp.2-4. The Court agrees with USOPC.

To reiterate, federal courts are courts of limited jurisdiction and must therefore have a statutory basis for their jurisdiction. *Morris*, 39 F.3d at 1111. Here, HDI asserts the Court has diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1, ¶9. In relevant part, § 1332(a)(1) provides, "[t]he district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States[.]"[3] *Id.* Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *Id.* at § 1332(c)(1). So, what is USOPC's citizenship

---

[2] While the Court struck HDI's reply, it nonetheless has fully considered it. The Court finds doing so appropriate and in the interest of justice considering the jurisdictional question raised and HDI's burden to establish subject matter jurisdiction. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[3] Section 1332 also provides for diversity jurisdiction in civil actions between "citizens of a State and citizens or subjects of a foreign state . . . ," "citizens of different States and in which citizens or subjects of a foreign state are additional parties," and "a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a)(2)-(4).

when considering jurisdiction under § 1332?

The USOPC is not a state chartered corporation; rather, it is federally chartered by the Ted Stevens Olympic and Amateur Sports Act (ASA). 36 U.S.C. §§ 220501(a), 220502(a). Among its general corporate powers granted by Congress is the power to

> sue and be sued, except that any civil action brought in a State court against the corporation and solely relating to the corporation's responsibilities under this chapter shall be removed, at the request of the corporation, to the district court of the United States in the district in which the action was brought, and such district court shall have original jurisdiction over the action without regard to the amount in controversy or citizenship of the parties involved, and except that neither this paragraph nor any other provision of this chapter shall create a private right of action under this chapter.

*Id.* at § 220505(b)(9).

The Supreme Court has held that federally chartered corporations are not citizens of any state unless Congress expressly provided for such citizenship. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); *Bankers Tr. Co. v. Tex. & Pac. Ry. Co.*, 241 U.S. 295, 309-10 (1916). And to properly invoke diversity jurisdiction, all parties must have a state or foreign citizenship. *Navy Fed.*, 972 F.3d at 353. "'[S]tateless' individuals (or corporations) may destroy diversity jurisdiction." *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

While this Court was unable to find controlling authority on whether the USOPC has state citizenship for purposes of § 1332, the Court finds persuasive those courts that have found it does not. *See, e.g., Philadelphia Indem. Ins. Co. v. U.S.*

5

*Olympic Comm.*, No. 19-cv-01231-CMA-KMT, 2020 WL 4783516, at *6 (D. Colo. Aug. 18, 2020). For example, the court in *Philadelphia Indemnity* meticulously analyzed whether the United States Olympic Committee, which is identical to the USOPC under 36 U.S.C. § 220502(c), possesses state citizenship such that a plaintiff can assert diversity jurisdiction. *Id.* at *2. It answered in the negative, finding that "USOC is not a citizen of Colorado for the purpose of diversity jurisdiction. The Court does not have diversity jurisdiction over USOC through 28 U.S.C § 1332(c) or the ASA." *Id.* at *6. Relying on *Bankers Trust*, *supra*, the court found USOC has no state citizenship for purposes of § 1332, only national citizenship. *Id.* at *3-4. It further found "there is no evidence that Congress ever considered the applicability of the 1958 amendment [to § 1332 regarding the citizenship of corporations] to federal corporations." *Id.* at *3 n.3 (quoting *Burton v. U.S. Olympic Comm.*, 574 F. Supp. 517, 519 (C.D. Cal. 1983)).

These conclusions are echoed by other courts in this district when a federally chartered corporation is a party. *See Fed. Nat'l Mortg. Ass'n v. Amerson*, No. 19-cv-02361, 2019 WL 4410009, at *2 (D. Colo. Sept. 16, 2019) ("In a suit where one of the [parties] has only national citizenship but no state citizenship, diversity is impossible because the suit is not between citizens of different states."); *Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC*, No. 10-cv-02001-PAB-CBS, 2010 WL 3632359, at *2 (D. Colo. Sept. 10, 2010) ("Federal courts do not have diversity jurisdiction over federally chartered corporations such as the FDIC because such

6

corporations have no state citizenship." (citations omitted)).

But, the Fourth Circuit has taken the opposite position. *Navy Fed.*, 972 F.3d at 356. In *Navy Federal*, that court examined the text of § 1332 to conclude that Congress expanded diversity jurisdiction via the 1958 amendment to include federally chartered corporations by allowing any corporation – state or federal – to have the citizenship of its principal place of business. *Id.* at 356. First, this out-of-circuit decision is not binding on this Court. Second, the Court is not convinced Congress intended as the Fourth Circuit found. *See Wachovia Bank*, 546 U.S. at 306. In 2006, the Supreme Court in *Wachovia* considered the 1958 amendment but noted its inapplicability to a federally chartered bank:

> State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this [citizenship] prescription [provided by the 1958 amendment]. Federally chartered national banks do not, for they are not incorporated by "any State." For diversity jurisdiction purposes, therefore, Congress has discretely provided that national banks "shall . . . be deemed citizens of the States in which they are respectively located."

*Id.* (quoting 28 U.S.C. § 1348).

Other courts have refused to follow the Fourth Circuit's reasoning. *See, e.g., N.Y. Marine & Gen. Ins. Co. v. Notre Dame Fed. Credit Union*, No. 3:24-CV-807-CCB-SJF, 2025 WL 1381631, at *2 (N.D. Ind. May 13, 2025) ("The principle [sic] place of business approach also deviates from circuit practice and Supreme Court precedent."); *Gilpin v. CU Cap. Mkt. Sols., LLC*, No. 320-CV-00589-MMD-WGC, 2021 WL 4150933, at *3 (D. Nev. Sept. 10, 2021) ("[I]f 28 U.S.C. § 1332(c) were to be

7

read as permitting jurisdiction over federally-chartered corporations based on their principal place of business, it would contravene the statute's primary purpose to reduce the caseload in the federal courts.") (internal quotations and citation omitted); *Schneiderman v. Am. Chem. Soc'y*, No. 17-CV-2530-RRM-TAM, 2021 WL 5122078, at *4 (E.D.N.Y. Sept. 28, 2021) (considering the 1958 amendment but still applying *Bankers Trust* to find federally chartered corporation is not a citizen of the state of its principal place of business); *but see BCBSM, Inc. v. Walgreen Co.*, 642 F. Supp. 3d 732, 740–41 (N.D. Ill. 2022) (following *Navy Federal* rationale).

"[D]iversity jurisdiction is implemented by statute, and on that point the language enacted into law by Congress and then interpreted by the Supreme Court controls our decision." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 639 (7th Cir. 2021). "[A]cknowledging the common hesitancy to assign citizenship to entities when Congress has not done so, the distortion of § 1332's plain language . . . , and the general rule that the court cannot exercise subject matter jurisdiction without express authorization from the Constitution or federal statute . . . ," this Court finds § 1332 inapplicable to determining the citizenship of a federally chartered corporation such as USOPC. *See StarNet Ins. Co. v. Notre Dame Fed. Credit Union*, No. 3:24-CV-597-DRL-SJF, 2025 WL 315573, at *2 (N.D. Ind. Jan. 24, 2025). The USOPC's federal charter controls the issue.

No party addressed the other jurisdictional considerations analyzed by the court in *Philadelphia Indemnity* – whether Congress conferred diversity jurisdiction

8

over USOPC through the ASA or whether the Court should apply the judicially created "localization exception" and find that USOPC is a citizen of Colorado for diversity purposes. *Philadelphia Indem.*, 2020 WL 4783516, at *2. The Court briefly addresses these issues.

The plain language of the ASA does not expressly confer state citizenship on USOPC. *See* 36 U.S.C. § 220505(b)(9). While silent about state citizenship, it instead provides that USOPC, in its discretion, may remove a state court case "solely relating to the corporation's responsibilities" under the ASA to federal court without considering either the citizenship of the parties or the amount in controversy. *Id.* Had Congress intended state citizenship for USOPC, it needed to have said so in the ASA. *Philadelphia Indem.*, 2020 WL 4783516, at *4 (citing *Midlantic Nat. Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986)) ("Given that the ASA was enacted post-*Bankers Trust* and the cases that followed, the Court assumes that Congress was aware of *Bankers Trust* and that, to deviate from the rule that federally chartered corporations do not have state citizenship, it would need to specify that intent.").

Similarly, "[s]ome courts have recognized an exception to the general rule that a federally chartered corporation has no state citizenship where the corporation is 'localized' in a certain state." *Id.* at *5. But neither the Supreme Court nor the Tenth Circuit have adopted the localization exception. *Id.* Applying the exception here "would be contrary to the well-established rule that 'statutes conferring jurisdiction

9

upon the federal courts . . . are to be narrowly construed in light of [federal courts'] constitutional role as limited tribunals."[4] *Id.* (quoting *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005)).

The Court thus finds that USOPC has no state citizenship, only national citizenship. Consequently, the Court has no diversity subject matter jurisdiction over this case and must dismiss it. "If this outcome seems to defy modern [ ] realities, the responsibility for amending § 1332 – updating it to account for today's forms of business associations – rests with Congress." *Page*, 2 F.4th at 639.

*   *   *

For the reasons shared above, the Court ORDERS:

This matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

HDI's MSJ (Dkt. 57) is DENIED; and

USOPC's MTD (Dkt.24) is DENIED AS MOOT.

The Court FURTHER ORDERS the Clerk of Court to terminate this action.[5]

---

[4] Even if the Court were to apply the localization exception, it is likely the outcome would be the same because USOPC "has a national purpose and its operations are national in scope." *Philadelphia Indem.*, 2020 WL 4783516, at *5.

[5] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later." *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law

DATED: September 24, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

---

claims asserted under § 1367(a) during the pendency of the federal litigation in which
such claims are brought and for thirty days following involuntary dismissal of those
claims on jurisdictional grounds).